IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION



| | |
|---|---|
| VONCILLE RICHARDSON | PLAINTIFF |
| VS.       CIVIL ACTION NO. 2:15cv139-DPJ-FKB | |
| PEARL RIVER VALLEY OPPORTUNITY, INC. A MISSISSIPPI CORPORATION | DEFENDANT |

### DEFENDANT'S NOTICE OF REMOVAL

Defendant Pearl River Valley Opportunity, Inc. ("PRVO") files this Notice of Removal of this action from the Circuit Court of Marion County, Mississippi to the United States District Court for the Southern District of Mississippi, Eastern Division, the district and division in which the Circuit Court of Marion County, Mississippi, is located. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. In support hereof, Defendant shows this Court as follows:

1. Plaintiff Voncille Richardson ("Plaintiff") commenced an action against PRVO in the Circuit Court of Marion County, Mississippi entitled "*Voncille Richardson v. Pearl River Valley Opportunity, Inc., a Mississippi Corporation*" pending as Civil Action No. 2015-0242-H.

2. Removal is timely because thirty (30) days have not elapsed since PRVO was served with the Plaintiff's Complaint on September 24, 2015, as required by 28 U.S.C. § 1446(b).

3. Removal is proper as the case concerns an issue for which federal subject matter jurisdiction exists. The federal statutory scheme in question, the Employee Retirement Income Security Act of 1974 ("ERISA"), completely preempts Mississippi state law, including the common law torts under which Plaintiff has brought her Marion County, Mississippi Circuit Court lawsuit.

Specifically, 29 U.S.C. § 1332(a) provides all civil remedies for disputes related to an ERISA plan, thereby giving rise to federal subject matter jurisdiction in this case.

4. A copy of this Notice of Removal will be filed with the clerk of the Circuit Court of Marion County, Mississippi, and a copy of this Notice of Removal will also be served on the Plaintiff.

5. A copy of the Complaint is attached hereto as Exhibit "A."

6. In accordance with Local Rule 5(b), a copy of the entire state court record has been requested from the Circuit Clerk of Marion County, Mississippi and will be submitted to the Court upon its receipt.

7. Plaintiff has not requested trial by jury in the state court case.

8. Defendant has filed contemporaneously with this Notice a civil cover sheet.

**Ground for Removal: Federal Question Jurisdiction**

This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331, in that this is a civil action in which the matter arises from a statute of the United States. Specifically, Plaintiff's allegations, alleged damages, and demands all concern and are focused upon the administration of an ERISA-regulated retirement plan. As such, ERISA's civil enforcement mechanism, as enacted under the Act's § 502(a) and codified at 29 U.S.C. § 1332(a), preempts state law and renders this matter a federal question.

A. <u>ERISA's statutory scheme regulates and controls the retirement plan at the center of this dispute.</u>

The Complaint itself concerns a retirement plan that is subject to ERISA regulation. Plaintiff's Complaint alleges that PRVO denied, and continues to deny, her access to benefits she

is due under its retirement plan (the "Plan"). *See* Exh. "A" at ¶ III. Plaintiff's Complaint alleges that the plan in question is a "403(b) fund" with accompanying employee-contribution matching by PRVO. *Id.* at ¶ III, Exh. "C" to the Complaint. Thus, by Plaintiff's own allegations, the case concerns a retirement plan, which includes employer contributions, and is classified according to Section 403(b) of the Internal Revenue Code.

An examination of the relevant statutes makes clear that 403(b) plans fall within the purview of ERISA's statutory framework. To begin, ERISA itself applies to virtually all employee benefit plans established or maintained by any employer engaged in or affecting commerce. *See* 29 U.S.C. § 1003(a). Second, ERISA's definition of "employee pension benefit plan" encompasses precisely the type of plan at issue in this case. *See* 29 U.S.C. § 1002(2)(A) (defining such a plan as "any plan, fund or program which is . . . established . . . by an employer . . . to the extent . . . that such plan, fund, or program (i) provided retirement income to employees . . . ." *Id.*). Third, 26 U.S.C. § 403(b), which creates and is the namesake for 403(b) plans, makes clear that such plans are for retirement purposes and are therefore subject to the requirements of ERISA. *See* 26 U.S.C. § 403(b); *see also Hardrick v. Miller-McCoy Acad. for Mathematics & Bus.*, 2014 U.S. Dist. LEXIS 28969, *9 (E.D. La. Mar. 6, 2014). Accordingly, the 403(b) retirement Plan in the case *sub judice* is precisely the type of employee retirement plan envisioned and regulated by ERISA.

Other courts, when determining whether a 403(b) plan is subject to ERISA regulation, have found that ERISA's provisions and civil enforcement remedies control and provide the exclusive judicial remedy. The *Hardrick* Court addressed a very similar set of circumstances to the case *sub judice*. The plaintiffs in *Hardrick* alleged that they were due money under a 403(b) ERISA plan run by a charter school in Louisiana. Defendants removed the case to federal court. Plaintiffs filed a

motion to remand. The District Court denied the motion to remand, finding that the civil enforcement provisions of ERISA preempted any state common law torts which could serve as the basis for a state suit. The court found:

> Therefore, for a court to find that a state law claim is preempted by ERISA, a court "must first ask whether the benefit plan at issue constitutes an ERISA plan." If the plan does qualify as an ERISA plan, then the inquiry turns to whether the state law claims "relate to" the plan. *Id.*

*Hardrick v. Miller-McCoy Acad. for Mathematics & Bus.*, 2014 U.S. Dist. LEXIS 28969, *4-5 (E.D. La. Mar. 6, 2014) (internal citations omitted). As discussed *supra*, the Plan in question, by statutory definition, constitutes an ERISA plan, meaning that the first prong is satisfied and it is necessary to see if the claims made by Plaintiff "relate to" the Plan.

B.  <u>Plaintiff's claims relate entirely and exclusively to an ERISA plan.</u>

The entire purpose of Plaintiff's Complaint is to recover damages related to PRVO's alleged improper denial of Plan benefits to Plaintiff. *See* Exh. "A" at ¶ VI. Plaintiff alleges that PRVO has converted funds paid into the Plan by Plaintiff, has refused to pay out Plan benefits to Plaintiff, and has refused to acknowledge Plaintiff's interest in the Plan itself. *Id.* Facially, it appears clear that the claims Plaintiff makes are related to an ERISA plan. However, in *Woods v. Tex. Aggregates, L.L.C.*, the Fifth Circuit provided additional guidance in determining whether a plaintiff's claims relate to an ERISA plan. *See Woods v. Tex. Aggregates, L.L.C.*, 459 F.3d 600, 602 (5th Cir. 2006). The court found:

> In determining whether state law claims "relate to" a plan, we have commonly asked (1) whether the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) whether the claims directly affect the relationship among the traditional ERISA entities - the employer, the plan and its fiduciaries, and the participants and beneficiaries. *Mem. Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 245 (5th Cir. 1990).

*Woods*, 459 F.3d at 602.

The facts of the case *sub judice* clearly satisfy both of these elements. First, Richardson's claims directly relate to whether she has a right to receive benefits under the terms of an ERISA plan. As the Fifth Circuit explicitly stated in *Woods,* such a claim - where a plaintiff has argued that she has a right to funds under the terms of a plan - addresses an area of exclusive federal concern. Second, the Complaint makes clear that Plaintiff's allegations are directly related to the relationship between the employer, the plan, and the participants and beneficiaries of the plan. *See* Exh. "A" at ¶ VI. (Alleging that PRVO, Plaintiff's former employer, owes to Plaintiff funds due under the terms of a 403(b) plan. Also alleging that a fiduciary relationship existed between PRVO and Plaintiff.).

  C. <u>Because Plaintiff's allegations relate to an ERISA plan, they give rise to federal subject matter jurisdiction.</u>

By statutory definition, the retirement plan at the heart of this matter is regulated by ERISA. Further, each and every allegation made by Plaintiff relates to the ERISA plan. When these two requirements are met, it is well-settled law that ERISA's civil remedies provision, found at 29 U.S.C. § 1332(a), provides the exclusive judicial relief a plaintiff may seek. *See, e.g., Aetna Health Inc. v. Davila*, 542 U.S. 200, 208-210 (U.S. 2004). Further, the civil remedies provision completely preempts state law and makes the matter an exclusive federal question. *See id; also see* 29 U.S.C. § 1144. ("Except as provided in subsection (b) of this section, the provisions of [ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." *Id.*). Because ERISA provides Plaintiff's exclusive remedy, a federal question exists and this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

## Conclusion

This action is removable pursuant to 28 U.S.C. § 1441(a) and § 1446(b), and written notice of the filing of this Notice of Removal and copies of all process, pleadings, and orders will be served upon Plaintiff's counsel as required by law.

Pursuant to the requirements of 28 U.S.C. § 1446(d), a Notice of Filing, attaching a copy of this Notice of Removal as an exhibit thereto, will be filed with the Circuit Clerk of Marion County, Mississippi.

WHEREFORE, PREMISES CONSIDERED, Defendant Pearl River Valley Opportunity, Inc., respectfully submits this Notice of Removal from the Circuit Court of Marion County, Mississippi, to the United States District Court for the Southern District of Mississippi, Eastern Division. Defendant Pearl River Valley Opportunity, Inc. further requests any additional relief to which it may be entitled.

**DATED: October 22, 2015**

Respectfully submitted,

PEARL RIVER VALLEY OPPORTUNITY, INC

BY: _____
OF COUNSEL

ROY A. SMITH, JR. - BAR # 7599
rsmith@danielcoker.com
R. BENJAMIN MCMURTRAY - BAR # 104550
bmcmurtray@danielcoker.com
DANIEL COKER HORTON AND BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE: (601) 969-7607
FACSIMILE: (601) 969-1116

## CERTIFICATE

I, R. Benjamin McMurtray, of counsel for Pearl River Valley Opportunity, Inc., do hereby certify that I have this day served by United States mail a true and correct copy of the above and foregoing to:

> Willaim L. Ducker
> Attorney at Law
> P.O. Box 217
> Purvis, MS 39475

THIS, the 22nd day of October, 2015.

_____
R. BENJAMIN MCMURTRAY