**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**VONCILLE RICHARDSON**                                                           **PLAINTIFF**

**v.**                                   **CIVIL ACTION NO. 2:15-CV-139-KS-MTP**

**PEARL RIVER VALLEY OPPORTUNITY, INC.
A MISSISSIPPI CORPORATION**                                      **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion to Dismiss ERISA Case and Remand to State Court ("Motion to Dismiss and Remand") [6] filed by Plaintiff Voncille Richardson ("Plaintiff") and the Motion for Summary Judgment [7] filed by Defendant Pearl River Valley Opportunity, Inc. ("Defendant"). After considering the submissions of the parties, the record, and the applicable law, the Court finds that Plaintiff's Motion to Dismiss and Remand [6] should be denied. The Court further finds that Defendant's Motion for Summary Judgment [7] is well taken and should be granted.

**I. BACKGROUND**

This action was originally filed in the Circuit Court of Marion County, Mississippi, on September 18, 2015. Plaintiff's claims against Defendant all stem from the alleged denial of benefits owed to her under a retirement plan Defendant offered to its employees. Though it is unclear the exact claims Plaintiff purports to bring, it is clear that they are all state law claims.

Plaintiff began working for Defendant in 1981. (Employment Application [15-5].) Plaintiff enrolled in the subject retirement plan in 1995. (Enrollment Form [15-3].) Plaintiff contributed to the plan until her employment with Defendant ended in 1999. (Contributions [7-3].) Documentation shows that Plaintiff requested a withdrawal of her funds in the plan upon the end of her employment

in 1999, and received a lump sum payment of $5,669.48, which brought the balance of her plan down to $0. (Withdrawal Form [7-1]; Account Statement [7-2].) Plaintiff, however, denies her signature on the documentation and denies ever receiving this payment. (Plaintiff Affidavit [12-1].)

In 2015, Plaintiff attempted to commence drawing benefits from her retirement plan. After having no success, she filed the current action in state court. On October 23, 2015, Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(b), on the basis of federal question jurisdiction. Plaintiff filed her Motion to Dismiss and Remand [6] on December 8, 2015, and Defendant filed its Motion for Summary Judgment [7] on December 22, 2015.

## II.  MOTION TO DISMISS AND REMAND [6]

In her Motion to Dismiss and Remand [6], Plaintiff asks the Court to dismiss without prejudice her "ERISA claim" and remand her remaining claims back to the state court. The Court is unsure which claim Plaintiff wants dismissed as the only claims she brings are state law claims. Furthermore, as discussed in more detail below, *see infra* III.B, all of Plaintiff's state law claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), and the only claims she can bring are ERISA claims. As dismissing her "ERISA claim" would dismiss her entire case, the Court will **deny** her Motion to Dismiss and Remand [6] as to her request to dismiss her "ERISA claim" without prejudice.

Additionally, there is no question that the Court has subject-matter jurisdiction in this case. A suit, such as this one, that is preempted by ERISA, "though it purports to raise only state law claims, is necessarily federal in character by the virtue of the clearly manifested intent of Congress." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 67, 107 S. Ct. 1542, 95 L.Ed.2d 55 (1987). The Court therefore has jurisdiction pursuant to 28 U.S.C. § 1331 as this case "aris[es] under the . . . laws . . . of the United States," and removal under 28 U.S.C. § 1441(b) was proper. *See id.* Therefore,

Plaintiff's Motion to Dismiss and Remand [6] will also be **denied** as to her request for remand to the state court.

### III. MOTION FOR SUMMARY JUDGMENT [7]

A.     **Standard of Review**

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted). Summary judgment is mandatory "against a party who

3

fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

### B. ERISA Preemption

ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47, 107 S. Ct. 1549, 95 L.Ed.2d 39 (1987). The Supreme Court has given the phrase "relate to" a "broad common-sense meaning, such that a state law 'relate[s] to' a benefit plan in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Pilot Life*, 481 U.S. at 47, 107 S. Ct. 1549 (quoting *Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739, 105 S. Ct. 2380, 85 L.Ed.2d 728 (1985)) (internal quotations omitted). If a claim would cease to exist if it were stripped of its link to the employee benefit plan, then that claim is preempted by ERISA. *See Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1220 (5th Cir. 1992).

All of the claims Plaintiff attempts to bring are linked to her purported retirement plan. Plaintiff does not dispute that this retirement plan is an employee benefit plan pursuant to 29 U.S.C. § 1003(a) and is consequently subject to the statutory scheme of ERISA. It is clear that Plaintiff's claims are dependent on the existence of this retirement plan, without which Plaintiff would have no claims against Defendant. The Court therefore finds that Plaintiff's state law claims are preempted by ERISA and that Plaintiff may only recover under the provisions of ERISA.

### C. ERISA Standing

To have standing under ERISA, Plaintiff must be a "participant" of an ERISA-regulated employee benefit plan. *Joseph v. New Orleans Elec. Pension & Ret. Plan*, 754 F.2d 628, 630 (5th

Cir. 1985). A "participant" under ERISA is defined as "any employee or former employee of an employer . . . who is eligible or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer . . . or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7); *see also Joseph*, 754 F.2d at 630. This definition "excludes retirees who have accepted the payment of everything due them in a lump sum, because these erstwhile participants have already received the full extent of their benefits and are no longer eligible to receive future payments." *Joseph*, 754 F.2d at 630.

The record shows that Plaintiff began working for Defendant in 1981. (Employment Application [15-5].) Plaintiff enrolled in the subject retirement plan in 1995. (Enrollment Form [15-3].) Plaintiff contributed to the plan until her employment with Defendant ended in 1999. (Contributions [7-3].) Plaintiff requested a withdrawal of her funds in the plan upon the end of her employment in 1999, and received a lump sum payment of $5,669.48, which brought the balance of her plan down to $0. (Withdrawal Form [7-1]; Account Statement [7-2].) As such, she is no longer a participant of the retirement plan as defined by § 1002(7) and has no standing to pursue a claim under ERISA.

Plaintiff argues that the signature requesting the withdrawal of her funds is not her signature and denies ever receiving the funds. (Plaintiff Affidavit [12-1].) She also submits the affidavit of her daughter Cora to support these facts. Both claim that Plaintiff worked for Defendant for over twenty years and paid into the retirement plan for the entire period of her employment. These facts are supported only by this affidavit testimony.

The Fifth Circuit has "repeatedly held that self-serving affidavits, without more, will not defeat a motion for summary judgment." *Tyler v. Cedar Hill Indep. Sch. Dist.*, 26 F.App'x 306, 309 (5th Cir. 2011). "Self-serving affidavits employed to create questions of material fact should be

Case 2:15-cv-00139-KS-MTP   Document 17   Filed 01/28/16   Page 6 of 6

carefully scrutinized by courts." *Williamson Pounders Architects, P.C. v. Tunica Cnty., Miss.*, 681 F.Supp.2d 766, 769 (N.D. Miss. 2008) (citing *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004)). Plaintiff has presented no corroborating documentation along with these affidavits, and some of the assertions in the affidavits, such as the claim that Plaintiff worked for Defendant since the 1970s, are directly contradicted by the record. Furthermore, in her Motion to Dismiss and Remand [6], Plaintiff herself argued that she had no ERISA claim because her funds had been withdrawn in September 1999. (Motion to Dismiss and Remand [6] at p. 1.) The Court therefore does not find these affidavits to be sufficient evidence to raise a genuine issue for trial. *See Cuadra*, 626 F.3d at 812. As Plaintiff has not brought forth sufficient evidence to demonstrate she is a participant of the retirement plan under ERISA, she has no standing to bring suit.

Therefore, because the only claims Plaintiff can bring in connection to the retirement plan are claims under ERISA and because she has no standing under ERISA to bring suit, the Court will **grant** Defendant's Motion for Summary Judgment [7].

## IV.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's Motion to Dismiss and Remand [6] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment [7] is **granted**.

SO ORDERED AND ADJUDGED this the 28th day of January, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE