IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**VONCILLE RICHARDSON**                                                                 **PLAINTIFF**

**v.**                                                             **CIVIL ACTION NO. 2:15-CV-139-KS-MTP**

**PEARL RIVER VALLEY OPPORTUNITY, INC.**
**A MISSISSIPPI CORPORATION**                                                     **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintif Voncille Richardson's Motion for Reconsideration [20]. After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion is not well taken and should be denied.

### I.  BACKGROUND

This action was originally filed in the Circuit Court of Marion County, Mississippi, on September 18, 2015. Plaintiff Voncille Richardson's ("Plaintiff") claims against Defendant all stem from the alleged denial of benefits owed to her under a retirement plan Defendant Pearl River Valley Opportunity, Inc., ("Defendant") offered to its employees.

Plaintiff began working for Defendant in 1981. (Employment Application [15-5].) Plaintiff enrolled in the subject retirement plan in 1995. (Enrollment Form [15-3].) Plaintiff contributed to the plan until her employment with Defendant ended in 1999. (Contributions [7-3].) Documentation shows that Plaintiff requested a withdrawal of her funds in the plan upon the end of her employment in 1999, and received a lump sum payment of $5,669.48, which brought the balance of her plan down to $0. (Withdrawal Form [7-1]; Account Statement [7-2].)  Plaintiff, however, denies her signature on the documentation and denies ever receiving this payment. (Plaintiff Affidavit [12-1].)

In 2015, Plaintiff attempted to commence drawing benefits from her retirement plan.  After having no success, she filed the current action in state court.  On October 23, 2015, Defendant

...

removed the action to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(b), on the basis of federal question jurisdiction. Plaintiff filed her Motion to Dismiss and Remand [6] on December 8, 2015, and Defendant filed its Motion for Summary Judgment [7] on December 22, 2015. The Court subsequently denied Plaintiff Motion to Dismiss and Remand [6] and granted Defendant's Motion for Summary Judgment [7] in its Order [17] on January 28, 2016. Final judgment was entered against Plaintiff on that same date.

Plaintiff filed the current Motion for Reconsideration [20] on February 17, 2016. The Court has considered this motion and is now ready to rule.

## II.  DISCUSSION

"A motion asking the court to reconsider a prior ruling is evaluated . . . as a motion . . . under Rule 59(e) . . . [when] filed within twenty-eight days after the entry of judgment . . . ." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (internal citations omitted). Because Plaintiff's motion was filed within this time-frame, it will be analyzed under Federal Rule of Civil Procedure 59(e).

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C.*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced

by a party." *Nationalist Movement v. Town of Jena*, 321 F.App'x 359, 364 (5th Cir. 2009). Reconsideration of a previous order is "an extraordinary remedy that should be used sparingly." *Id*.

The sole argument for reconsideration that Plaintiff presents is that discovery had not been completed and was in fact stayed when the Motion for Summary Judgment [7] was filed and subsequently granted. Plaintiff does not, however, explain why she did not present this argument in response to the original motion. Plaintiff was free to invoke Federal Rule of Civil Procedure 56(d) and argue that she had not had enough time to gather evidence of her claims through discovery when she first submitted her arguments against summary judgment. Whether or not this argument would have been successful is irrelevant. Plaintiff could have and should have brought the argument before judgment was entered against her. As such, reconsideration of the Court's previous order will not be granted on this argument. *See Templet*, 367 F.3d at 478. Plaintiff's Motion for Reconsideration [20] will therefore be **denied**.

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's Motion for Reconsideration [20] is **denied**.

SO ORDERED AND ADJUDGED this the 14th day of March, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

3